KAREN P. HEWITT
United States Attorney
AARON B. CLARK
Assistant United States Attorney
California State Bar No. 239764
Federal Office Building
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-6787/(619)235-2757(Fax)
E-mail: aaron.clark@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOSE HUMBERTO CHAVEZ-HERRERA,<br><br>Defendant. | Criminal Case No. 08CR0202-JLS<br><br>DATE: March 7, 2008<br>TIME: 1:30 p.m.<br><br>GOVERNMENT'S STATEMENT OF FACTS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION FOR:<br><br>(1) RECIPROCAL DISCOVERY;<br>(2) FINGERPRINT EXEMPLARS; AND<br>(3) LEAVE TO FILE FURTHER MOTIONS |

**I.**

**STATEMENT OF THE CASE**

On January 23, 2008, a federal grand jury in the Southern District of California returned a true bill of Indictment charging Jose Humberto Chavez-Herrera ("Defendant") with one count of Deported Alien Found in the United States in violation of Title 8, United States Code, § 1326(a) and (b). Defendant was arraigned on the indictment on January 29, 2008 and entered a plea of "not guilty."

**II.**

**STATEMENT OF THE FACTS**

**A. IMMIGRATION HISTORY**

Defendant is a Mexican citizen who appeared before an immigration judge on May 21, 2007. At the hearing, the immigration judge ordered Defendant deported to Mexico. Defendant has also been physically removed from the United States on numerous occasions. His latest removal occurred on November 14, 2007, by foot, through the San Ysidro, California Port of Entry.

**B. RAP SHEET SUMMARY CHART**

| CONVICT DATE | COURT OF CONVICTION | CHARGE | TERM |
|---|---|---|---|
| 11-9-07 | USDC SDCA | 8 U.S.C. 1326 – Deported Alien Found in the United States | 60 Days |

**C. DEFENDANT'S APPREHENSION**

On January 11, 2008, at approximately 9 p.m., United States Border Patrol Agent ("BPA") Isaac Tabarez was working at the Eastbound I-8 checkpoint in Jacumba, California. The checkpoint is located approximately 30 miles east of the Tecate, California Port of Entry and one mile North of the border between the United States and Mexico.

At this time, Agent Tabarez observed a grey pick-up truck approach primary inspection. Two males were immediately visible in the truck. After Agent Tabarez identified himself as a Border Patrol officer and queried the two men regarding their immigration status, the driver admitted he was a Mexican citizen. At this time, the agent observed, through the window of the cab directly behind the drivers' seat, several individual's heads bunched together on the floorboard attempting to conceal themselves. Agent Tabarez asked the driver if the people lying down behind his seat were illegally in the United States, to which he responded "yes."

The driver and eight other people were removed from the vehicle. All nine occupants, including Defendant, admitted they were Mexican citizens without documents to be in the United States legally. Defendant and the eight others were thereafter arrested and transported to the Boulevard Border Patrol Station for processing.

At the station, agents determined that Defendant had been previously deported from the United States.

The Defendant was subsequently advised of his Miranda rights, which he elected to waive. Defendant then admitted to being a citizen of Mexico without documents to be in the United States legally. He further admitted that he appeared before an immigration judge on May 20, 2007 and was ordered not to return to the United States, and that he was deported from the United States on November 14, 2007.

## II.

## MOTION FOR RECIPROCAL DISCOVERY

The United States hereby moves for reciprocal discovery from Defendants. To date Defendants have not provided any. The United States, pursuant to Rule 16 of the Federal Rules of Criminal Procedure, requests that Defendants permit the United States to inspect, copy, and photograph any and all books, papers, documents, photographs, tangible objects, or make copies of portions thereof, which are within the possession, custody or control of Defendants and which Defendants intend to introduce as evidence in their case-in-chief at trial.

The United States further requests that it be permitted to inspect and copy or photograph any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, which are in the possession or control of Defendants, which Defendants intend to introduce as evidence-in-chief at the trial, or which were prepared by a witness whom Defendants intend to call as a witness. Because the United States will comply with Defendants' requests for delivery of reports of examinations, the United States is entitled to the items listed above under Rule 16(b)(1) of the Federal Rules of Criminal Procedure. The Government also requests a written summary of the names, anticipated testimony, and bases for opinions of experts the defendant intends to call at trial under Rules 702, 703, and 705 of the Federal Rules of Evidence.

The United States also requests that the Court make such order as it deems necessary under Rules 16(d)(1) and (2) to ensure that the United States receives the discovery to which it is entitled.

In addition, Rule 26.2 of the Federal Rules of Criminal Procedure requires the production of prior statements of all witnesses, except a statement made by defendants. This rule thus provides for the reciprocal production of Jencks statements. The time frame established by the rule requires the statement to be provided after the witness has testified. To expedite trial proceedings, the United States hereby requests that Defendants be ordered to supply all prior statements of defense witnesses by a reasonable date before trial to be set by the Court. Such an order should include any form in which these statements are memorialized, including but not limited to, tape recordings, handwritten or typed notes and/or reports.

//

**III.**

**MOTION FOR FINGERPRINT EXEMPLARS**

As part of its burden of proof at trial, the Government must prove beyond a reasonable doubt that Defendant is the same person who was previously deported from the United States. Defendant's warrants of deportation and related documents bear fingerprints to verify his identity. In order to meet our burden of proof, the United States anticipates calling a certified fingerprint examiner to obtain fingerprint exemplars from Defendant and compare those with the fingerprints on the immigration documents.

Defendant has no privilege against providing fingerprint exemplars. The Fifth Amendment privilege is limited to communications or testimonial evidence. Schmerber v. California, 384 U.S. 757, 763-64 (1966). The Government's use of identifying physical characteristics, such as fingerprint exemplars, does not violate a defendant's Fifth Amendment rights. See, e.g., United States v. De Palma, 414 F.2d 394, 397 (9th Cir. 1969); Woods v. United States, 397 F.2d 156 (9th Cir. 1968). Compare United States v. Jackson, 886 F.2d 838, 845 n.8 (7th Cir. 1989) ("There is no doubt that requiring a defendant to give a handwriting specimen does not violate his fifth amendment privilege against self-incrimination since the privilege reaches only compulsion of a defendant's communication."). Accordingly, the Court should order that Defendant provide fingerprint exemplars to the Government's fingerprint expert.

**IV.**

**LEAVE TO FILE FURTHER MOTIONS**

Should new information or legal issues arise, the United States respectfully requests the opportunity to file such further motions as may be appropriate.

//

//

//

//

//

//

**V.**

**CONCLUSION**

For the foregoing reasons, the Government respectfully requests that its motions for reciprocal discovery, fingerprint exemplars and leave to file further motions be granted.

DATED: March 3, 2008

Respectfully Submitted,

KAREN P. HEWITT
United States Attorney

s/Aaron B. Clark
AARON B. CLARK
Assistant United States Attorney
Attorneys for Plaintiff
United States of America
Email: aaron.clark@usdoj.gov